1  CHRISTOPHER E. PLATTEN - 111971
   CAROL L. KOENIG - 162037
2  WYLIE, McBRIDE, JESINGER, PLATTEN & RENNER
   2125 Canoas Garden Avenue, Suite 120
3  San Jose, California 95125
   Telephone: (408) 979-2920
4  Facsimile: (408) 979-2934

5  Attorneys for Plaintiff
   INTERNATIONAL ASSOCIATION OF FIREFIGHTERS,
6  IAFF LOCAL 55

**FILED**

JAN - 6 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
OAKLAND CALIFORNIA

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10 | STEVEN SPLENDORIO and BRUCE        | **Case No. C-04-4349-ADR CW**
   | NIELSEN, and other employees similarly |
11 | situated,                          | **STIPULATION AND ORDER OF**
   |                                    | **DISMISSAL**
12 |         Plaintiffs,

13 |     vs.

14 | CITY OF OAKLAND, et. al.,

15 |         Defendants.
   | _____/
16

17      IT IS HEREBY STIPULATED by and between the parties to this action through

18 their designated counsel that the above-captioned action be and hereby is dismissed

19 with prejudice pursuant to FRCP 41(a)(1).

20 Dated: January __6__, 2006            WYLIE, McBRIDE, JESINGER,
21                                       PLATTEN & RENNER

22                                       _____
23                                       CAROL L. KOENIG
                                         Attorneys for Plaintiffs STEVEN
                                         SPLENDORIO and BRUCE NIELSEN
24

25 Dated: January __6__, 2006            CITY OF OAKLAND
26                                       OFFICE OF THE CITY ATTORNEY

27                                       _____
                                         SUSAN H. MOSK
28                                       Attorneys for Defendant
                                         CITY OF OAKLAND

**ORDER**

Pursuant to the Stipulation of the parties and for good cause showing, IT IS SO ORDERED.

Dated:  January 6, 2006

CLAUDIA WILKEN
United States District Court Judge

I:\00055\71005\pnd\stip dismissal

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS AGREEMENT is made this 10th day of October, 2005 by and between the Oakland Firefighters Association IAFF Local 55 ("IAFF Local 55") and the City of Oakland ("City"); hereinafter referred to collectively as "the Parties".

**WHEREAS**, IAFF Local 55 represents certain firefighters; and

**WHEREAS**, these firefighters so represented have a dispute with City regarding (1) the payment and calculation of FLSA overtime, in that IAFF Local 55 alleged that City had not properly included the "holiday in lieu" segment of regular pay when calculating FLSA overtime; and, (2) the calculation of overtime for 40 hour firefighters as opposed to 52 hour firefighters, in that City was improperly calculating overtime using the 52-hour rate instead of the proper 40-hour rate for firefighters working only 40 hours. Additionally, IAFF Local 55 alleged bad faith in the "holiday in lieu" issue, in that City knew and had acknowledged the proper rate and corrected it in a prior settlement in 2001, but had intentionally continued, since 2001, to improperly calculate the FLSA overtime rate; and

**WHEREAS**, IAFF Local 55 filed a Complaint for Declaratory Judgment, Compensation Under the Fair Labor Standards Act and Other Relief, Case No. C044349, on October 14, 2004, in the US District Court, Northern District of California , on behalf of named plaintiffs Steven Splendorio, Bruce Nielsen, and other employees similarly situated ; and

**WHEREAS**, this Complaint seeks a declaratory judgment for: (1) City to correct the FLSA violation of not including "holiday in lieu" pay in calculating FLSA overtime; and, (2) City to calculate 40 hour employees' overtime at the 40-hour rate, not the currently used 52-hour rate; and (3) City to pay back compensation at the properly calculated FLSA overtime rate, which includes the "holiday in lieu' pay, for two years as required by statute and, to pay one additional year, as allowed by the statute for bad faith,

1

and to pay liquidated damages and pre/post judgment interest; and, (4) City to compensate the 40 hour employees for back pay due to improper calculation of overtime using the 52-hour rate instead of the 40-hour rate; and, (5) City to pay Plaintiffs' attorney's fees and costs; and

WHEREAS, since the lawsuit was filed, the Parties have worked together to resolve these disputes; and

WHEREAS, it is understood and agreed that this Agreement and the promises set forth herein are not to be construed as, and in fact are not, admission of wrongdoing or liability on the part of City or any of its agents, employees, or officers, for whom liability and wrongdoing are expressly denied; and

WHEREAS, City paid a higher overtime rate (1.590375), from February 12, 2005 to June 3, 2005, for all overtime work, including work that did not qualify for the higher FLSA rate; and,

WHEREAS, City has updated its payroll system to include the "holiday-in-lieu" premium and has been automatically and correctly calculating FLSA overtime since July 20, 2005, which has been included in members' paychecks since September 1, 2005; and,

WHEREAS, City has completed the calculations for FLSA overtime damages, dating from October 26, 2002 to July 20, 2005, and agrees to compensate all members of IAFF Local 55 who qualify for back pay, to be distributed to each employee in the amount of actual overtime worked as calculated for each employee. The total amount owed to Local 55 members for FLSA damages is $418,506.12 $1,278,891.56

Due to the increased overtime percentage, used from February 12, 2005 – June 3, 2005, some members have already received some or all of their back pay damages.

There are three distinct groups of Local 55 members:  1) those who have been paid in full, due to the increased overtime percentage; 2) those who have not yet been

2

paid in full; and, 3) those who did not qualify for FLSA overtime, and due to the

increased overtime percentage , were over-paid, and must repay that amount to City.

| | |
|---|---|
| Total amount of damages | ~~$418,506.19~~ $1,278,891.56 |
| Total amount of money already paid | <$267,573.77> |
| Total amount of damages yet to be paid by City | ~~$150,932.42~~ $763,007.56 |

*(handwritten: 1/6/06; 1/6/06 cw)*

Upon execution of this Agreement, and in the following pay period, checks for
FLSA overtime back pay will be distributed to all qualifying members to whom money is
still owed.  A detailed calculation worksheet for each employee will be included with that
check.

In the third group, one hundred forty-one (141) members were over-paid because
they did not qualify for the FLSA rate.  The total amount that was paid to these members
is $63,942.13.  These members must return that money to City.  Upon execution of this
Agreement, and in the following pay period, these members will receive a detailed
worksheet with a notification that City intends to recover the overpayment pursuant to the
terms of their MOU, with bi-weekly deductions not to exceed ten percent (10%) of the
member's gross salary in any period.   The deductions will begin 30 days after the
notification; and

**WHEREAS,** the Parties agree that all disputes have been resolved or can be
resolved between them without further need for court intervention; and

**WHEREAS,** the Parties agree that this Settlement Agreement shall be attached to
and incorporated by reference into the Request For Dismissal, as referenced below in
Paragraph E; and

**WHEREAS,** the parties agree that further pursuit of this action would not be of
benefit to either party;

## THEREFORE BE IT RESOLVED AND AGREED:

1.      **Recitals and Agreement:**   All of the recitals set forth above are
incorporated herein as material agreements of the Parties.

3

2.      **Consideration:**  In consideration of the mutual promises contained in this Agreement, the parties agree and understand that:

A.      Beginning July 20, 2005, City shall pay two overtime rates: the non-FLSA overtime rate and the FLSA overtime rate. The non-FLSA rate shall be calculated using the base salary only; the FLSA overtime rate shall be calculated using the base salary, the holiday in lieu pay, and all premium pays (except stand-by pay);

B.      These rates shall be paid according to the following formula:

> *If a Local 55 member works at least 204 regularly scheduled hours in a 27 day work period, that member is paid the higher FLSA rate for all overtime hours worked.*

> *If a Local 55 member works less than 204 regularly scheduled hours in a 27 day work period, that member's regular hours are added to any overtime hours worked for a total number of hours worked. Then 204 hours is subtracted from the total hours worked and the member is paid the higher FLSA rate for the difference.*

*Ex: A*

| *Regular scheduled hours worked in 27 day period –* | *216* |
| --- | --- |
| *Overtime hours worked –* | *10* |

*This member is paid ten (10) hours of O/T at the higher FLSA rate*

*Ex. B*

| *Regular scheduled hours worked in 27 day period —* | *196* |
| --- | --- |
| *Overtime hours worked -----* | *10* |
| *TOTAL HOURS WORKED-----* | *206* |
| | *<204>* |
| | *2* |

4

*This member is paid two (2) hours of O/T at the higher FLSA overtime rate, and eight hours at the lower overtime rate.*

C.  City shall pay, to each member who qualified, the corrected FLSA overtime rate dating from October 26, 2002 to July 20, 2005, when the payroll system began calculating FLSA overtime correctly. City shall pay the amount as stated in the above Recitals.

D.  The Parties understand and agree that while City will pay a total amount of ~~$418,506.19,~~ it will not be in a lump sum payment. Each employee who qualified and who has not already been paid in full, will receive a payment that reflects the difference in pay using the correct FLSA overtime rate, as stated in the above Recitals.

E.  Within ten court days of the effective date of the Agreement, IAFF Local 55 shall dismiss the entire above- referenced lawsuit, with prejudice, and shall attach to and incorporate by reference into that Dismissal, this Settlement Agreement.

3.  **Waiver and Release:** This waiver and release provision governs only the matters that are the subject of this Agreement. It does not govern any unrelated dispute that might arise between the Parties in the future. With that understanding, IAFF Local 55 agrees and understands and acknowledges that this Agreement releases all unknown, undisclosed and unanticipated claims related to the underlying facts and issues herein. IAFF Local 55 waives any rights or benefits they may now have, or have in the future, under Section 1542 of the California Civil Code, which provides:

> "A general release does not extend to claims which a creditor doesn't know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with debtor."

4.  **Agreement Construction:** The parties agree that this Agreement was jointly negotiated and drafted and shall be deemed to have been prepared by all parties

and not one of them.  Each party had an opportunity to participate in the drafting of this Agreement, and the Agreement shall not be construed against any one party on the basis that said party prepared the document or was in any superior bargaining position.

5.      **Applicable Law:**  This Agreement shall be construed and enforced pursuant to the laws of the State of California.

6.      **Severance of Agreement**:  If any provision, or portion thereof, contained in this Agreement is held unconstitutional, invalid, or unenforceable, the remainder of the Agreement shall be deemed severable, shall not be affected, and shall remain in full force and effect.

7.      **Counterparts; Facsimile Signatures:**  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The parties agree that signatures on this Agreement transmitted via facsimile have the same force and effect and are considered the same as originals.

8.      **Attorneys Fees and Costs in Reaching This Agreement:**  City shall pay to the law firm of Wylie, Mc Bride, Jesinger, Platten & Renner, attorneys of record for IAFF Local 55, costs and attorneys fees in the amount of $8,000.

9.      **Entire Agreement**:   This Agreement contains the entire agreement between the parties hereto. The terms of this Agreement are contractual and not a mere recital. The Parties have fully read the entire Agreement and fully understand it.


_____            _____
                                            Date
CITY OF OAKLAND


_____            _____
                                            Date
INTERNATION ASSOCIATION OF
FIREFIGHTERS, LOCAL 55

6

APPROVED AS TO FORM:

By:_____       _____

    Carol Koenig                                                      Date
    ATTORNEYS FOR IAFF LOCAL 55

By:_____       _____

    Susan H. Mosk                                                   Date
    Deputy City Attorney
    CITY OF OAKLAND

352580_1

and not one of them.  Each party had an opportunity to participate in the drafting of this Agreement, and the Agreement shall not be construed against any one party on the basis that said party prepared the document or was in any superior bargaining position.

5.      **Applicable Law:**   This Agreement shall be construed and enforced pursuant to the laws of the State of California.

6.      **Severance of Agreement**:  If any provision, or portion thereof, contained in this Agreement is held unconstitutional, invalid, or unenforceable, the remainder of the Agreement shall be deemed severable, shall not be affected, and shall remain in full force and effect.

7.      **Counterparts; Facsimile Signatures:**  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The parties agree that signatures on this Agreement transmitted via facsimile have the same force and effect and are considered the same as originals.

8.      **Attorneys Fees and Costs in Reaching This Agreement:**  City shall pay to the law firm of Wylie, Mc Bride, Jesinger, Platten & Renner, attorneys of record for IAFF Local 55, costs and attorneys fees in the amount of $8,000.

9.      **Entire Agreement**:   This Agreement contains the entire agreement between the parties hereto. The terms of this Agreement are contractual and not a mere recital.  The Parties have fully read the entire Agreement and fully understand it.

*Cheryl A P Thompson*
CITY OF OAKLAND

*October 10, 2005*
Date

_____
INTERNATION ASSOCIATION OF
FIREFIGHTERS, LOCAL 55

_____
Date

6

and not one of them. Each party had an opportunity to participate in the drafting of this Agreement, and the Agreement shall not be construed against any one party on the basis that said party prepared the document or was in any superior bargaining position.

5.  **Applicable Law:**  This Agreement shall be construed and enforced pursuant to the laws of the State of California.

6.  **Severance of Agreement:**  If any provision, or portion thereof, contained in this Agreement is held unconstitutional, invalid, or unenforceable, the remainder of the Agreement shall be deemed severable, shall not be affected, and shall remain in full force and effect.

7.  **Counterparts; Facsimile Signatures:**  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The parties agree that signatures on this Agreement transmitted via facsimile have the same force and effect and are considered the same as originals.

8.  **Attorneys Fees and Costs in Reaching This Agreement:**  City shall pay to the law firm of Wylie, Mc Bride, Jesinger, Platten & Renner, attorneys of record for IAFF Local 55, costs and attorneys fees in the amount of $8,000.

9.  **Entire Agreement:**  This Agreement contains the entire agreement between the parties hereto. The terms of this Agreement are contractual and not a mere recital. The Parties have fully read the entire Agreement and fully understand it.

_____     Date _____

CITY OF OAKLAND

_____     *10-10-05*
INTERNATION ASSOCIATION OF      Date
FIREFIGHTERS, LOCAL 55

6

APPROVED AS TO FORM:

By: _____        Date _10/10/05_
    Carol Koenig
    ATTORNEYS FOR IAFF LOCAL 55


By: _____        Date _____
    Susan H. Mosk
    Deputy City Attorney
    CITY OF OAKLAND



352580_1

7

APPROVED AS TO FORM:

By: _____     _____
    Carol Koenig                            Date
    ATTORNEYS FOR IAEF LOCAL 55

By: _____     ____10/10/05_____
    Susan H. Mosk                           Date
    Deputy City Attorney
    CITY OF OAKLAND

352580_1

7